CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 21 2007

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JUAN HERNANDEZ, JR., ) | |
| Petitioner, ) | Civil Action No. 7:06cv00594 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| UNITED STATES OF AMERICA, ) | By: Samuel G. Wilson |
| Respondent. ) | United States District Judge |

Petitioner, Juan Hernandez, Jr., filed this 28 U.S.C. § 2255 motion challenging his sentence of 120 months incarceration followed by a term of five years supervised release, for distribution of five hundred grams of more of methamphetamine in violation of 21 U.S.C. § 846. Hernandez maintains that the government breached his plea agreement. This matter is before the court on respondent's motion to dismiss. The court finds that the government did not breach the plea agreement. Accordingly, the court grants respondent's motion to dismiss.

I.

On October 21, 2004, a grand jury returned a four-count indictment against Hernandez for conspiring to distribute five hundred grams or more of a mixture or substance containing methamphetamine in violation of 21 U.S.C. § 846 (count one); distributing a measurable quantity of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (count two); and two counts of distributing fifty grams or more of a mixture containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (counts three and four). On June 7, 2005, pursuant to a written plea agreement, Hernandez pled guilty to count one of the indictment. In accordance with the plea agreement, the court dismissed the remaining three counts. Hernandez's plea agreement contained a waiver of the right to appeal any sentencing guideline issues and a waiver of the right to collaterally attack the judgment and any part of the sentence imposed by the court.

1

During the plea colloquy, Hernandez, among other things, stated under oath that he had received a copy of the indictment; that he had discussed the charges and his case with counsel; that he had the entire plea agreement read to him before he signed it; that he understood everything in the plea agreement; that no one had made any offer or different promise or assurance to him to induce entry of the plea; that he understood the maximum penalties for the offenses charged as well as the mandatory minimum sentence; that if he was not eligible for the safety-valve, he would face the mandatory minimum sentence; that if the sentence was more severe then he expected, he would still be bound by his plea; that the court had discretion as to whether to accept the government's sentencing recommendation; that he was waiving his right to appeal and to collaterally attack his sentence; and that his plea was knowing and voluntary.

Hernandez pled guilty to conspiring to distribute methamphetamine in violation of 21 U.S.C. § 846 which carries a mandatory minimum sentence of 10 years. See 21 U.S.C. § 846 (a person who attempts or conspires to comment any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense); 21 U.S.C. § 841(b)(1)(A) (a person who violates subsection (a) of this section shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life).[1] In the plea agreement, the government agreed to recommend "a sentence of 70 months incarceration, or as close to 70 months as may fall within the sentencing guideline range." When Hernandez's counsel and the Assistant United States Attorney made this 70-month estimate, they believed but were not sure that Hernandez would receive the benefit of the safety valve, pursuant to § 5C1.2 of the United States Sentencing Guidelines. However, after the presentencing report ("PSR")

---

[1] Based on Hernandez's total offense level of 29 and criminal history category of II, the guideline range for imprisonment would have been 97 to 121 months. U.S. Sentencing Guidelines Manual Chapter 5. Part A (2005). However, there was a statutorily required mandatory minimum sentence required in this case. Where a statutorily required minimum sentence is greater than the minimum of the guideline range, the statutory required minimum sentence shall become the minimum term of the guideline range. Therefore, the guideline range for imprisonment in this case was 120 to 121 months. U.S. Sentencing Guidelines Manual § 5G1.1(c)(2) (2005).

2

was completed, it showed that Hernandez had three criminal history points and, therefore, was not eligible for a reduction in his total offense level, or a departure below the mandatory minimum sentence of 120 months, as provided for by § 5C1.2. After the court determined that Hernandez did not qualify for the safety valve, the government indicated its willingness to see if Hernandez qualified for substantial assistance. Accordingly, the court continued his sentencing hearing to allow Hernandez to explore that option. Hernandez did not qualify. The court ultimately sentenced Hernandez on count one to 120 months incarceration (the mandatory minimum) followed by a five-year term of supervised release.

## II.

Hernandez claims that the government breached the plea agreement because his sentence of 120 months exceeded the 70 months estimated in his plea agreement. Specifically, Hernandez asserts that the government breached the plea by "support[ing] the information contained within the PSI/PSR." Hernandez states that he "did not expect that his sentence would be enhanced." The court finds that Hernandez's claim has no merit and therefore fails.[2]

First, his sentence was not enhanced. Rather, the 70-month estimate in the plea agreement was contingent on Hernandez qualifying for the safety valve, which the court found he did not qualify for based on his criminal history points. In this case, the offense to which Hernandez pled guilty carried a mandatory minimum sentence of ten years. In order for the court to sentence Hernandez below that, he either had to qualify for the safety valve or a substantial assistance motion, matters he understood based on his responses during the plea colloquy. After the court determined that Hernandez did not

---

[2] Further, a petitioner may not raise for the first time in this § 2255 petition a claim which he could have raised but did not raise on direct appeal unless the petitioner establishes cause and prejudice capable of excusing default. Bousley v. United States, 523 U.S. 614 (1998). Because Hernandez did not raise this claim that the government breached the plea agreement and he has not shown cause and prejudice to excuse his default, this claim is also waived.

3

qualify for the safety valve, the government gave him the opportunity to qualify for a substantial assistance motion, which could have reduced his sentence to 70 months. He did not qualify. Accordingly, Hernandez was not eligible for a reduction in his total offense level or for a departure below the mandatory minimum sentence. Therefore, Hernandez's sentence of 120 months was not an enhanced sentence, rather it was the mandatory minimum.

Second, Hernandez's contentions in the instant motion contrast sharply with the statements he made during his plea colloquy, when he affirmed that he understood the maximum penalties for the offenses charged as well as the ten (10) year mandatory minimum sentence; that if he was not eligible for the safety-valve, he would face the mandatory minimum sentence; that if the sentence was more severe than he expected, he would still be bound by his plea; and that the court had discretion as to whether to accept the government's sentencing recommendation.[3] Indeed, Hernandez was fully aware that if he did not qualify for the safety valve he would be sentenced to the mandatory minimum, as he indicated to the court at his plea hearing:

> THE COURT: Do you understand the maximum possible penalties provided by law for this offense, as well as the ten-year mandatory minimum that will come into play in the event that you are not eligible for the safety valve? Has all that been explained to you?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: So if you're not eligible for the safety valve, there will be a ten-year mandatory minimum. Do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And you and Mr. Kennett (Defendant's attorney) discussed all of those matters?

---

[3] "[A] defendant's solemn declarations in open court affirming [a plea] agreement . . . 'carry a strong presumption of verity,' because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy." United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005), (quoting Blackedge v. Allison, 431 U.S. 63, 74 (1977); and citing United States v. Bowman, 348F.3d 408, 417 (4th Cir. 2003)). Because the declarations carry such a presumption, they present a formidable barrier in any subsequent collateral proceedings. United States v. White, 366 F.3d 291, 295-96 (4th Cir. 2004) (quoting Blackledge, 431 U.S. at 74).

4

THE DEFENDANT: Yes, sir.

Plea Hr'g Tr. at 7-8, June 7, 2005.

Because Hernandez's statements made at his plea hearing were made under oath to the court and because he has not shown any extraordinary reason why the court should believe his now contradictory statements, the court finds that his claim that the government breached the plea agreement has no merit. United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005).

### III.

For the reasons stated herein, the court grants respondent's motion to dismiss.

**ENTER:** This 21st day of February, 2007.

_____
United States District Judge

5